**No. 14-1805**

---

**IN THE**
**UNITED STATES COURT OF APPEALS**
**FOR THE SIXTH CIRCUIT**

---

**UNITED STATES OF AMERICA,**

**Plaintiff-Appellee,**

**v**

**TIMOTHY SANDERS,**

**Defendant-Appellant.**

---

**On appeal from the United States District Court**
**For the Eastern District of Michigan**

---

# BRIEF OF TIMOTHY SANDERS,

# DEFENDANT-APPELLANT

**ORAL ARGUMENT REQUESTED**

---

**S. ALLEN EARLY (P13077)**
**LAW OFFICE OF S. ALLEN EARLY**
**Attorney for Defendant-Appellant**
**65 Cadillac Square, Suite 2810**
**Detroit, Michigan 48226**
**(313) 962-2320**

# TABLE OF CONTENTS

INDEX OF AUTHORITIES ........................................................................ ii

STATEMENT IN SUPPORT OF ORAL ARGUMENT ....................................... iv

STATEMENT OF APPELLATE JURISDICTION ................................................1

STATEMENT OF ISSUES PRESENTED FOR REVIEW .....................................2

SUMMARY OF ARGUMENT ..........................................................................3

STATEMENT OF CASE AND MATERIAL FACTS ...........................................6

I. THE REASONABLE GROUNDS STANDARD SET FORTH IN THE STORED COMMUNICATIONS ACT VIOLATES THE FOURTH AMENDMENT TO THE UNITED STATES CONSTITUTION. ...............12

Standard of Review.........................................................................12

II. THE GOVERNMENT DID NOT ESTABLISH PROBABLE CAUSE TO OBTAIN THE CELL PHONE DATA AND REASONABLE GROUNDS DID NOT EXIST TO OBTAIN CELL PHONE RECORDS. ......................20

Standard of Review.........................................................................20

III. THE SENTENCE IMPOSED ON APPELLANT IS PROCEDURALLY AND SUBSTANTIVELY UNREASONABLE. .........................................22

Standard of Review: . ......................................................................22

CONCLUSION AND RELIEF REQUESTED .....................................................32

CERTIFICATE OF COMPLIANCE ....................................................................33

CERTIFICATE OF SERVICE

ADDENDUM DESIGNATING RELEVANT DISTRICT COURT DOCUMENTS

## INDEX OF AUTHORITIES

**Cases**

Arizona v Gant, 556 U.S. 332 (2009) ....................13

Gall v United States, 128 S.Ct. 586 (2007) ....................22

In Re Application of the United States for an Order Authorizing the disclosure of Prospective Cell-Site Information, 2006WL 7871743, at *5 (E.D. Wis. 2006) ..15

In Re Application of the United States for an Order Authorizing the Monitoring of Geolocation and Cell-Site data, 2006 WL 6217584 at *4 (D.D.C. 2006) ..........15

In Re Application of U.S. for an Order Authorizing Installation and Use of a Pen Register, 402 F.Supp. 2d 597 (D. Md. 2005) ....................19

In Re Application of U.S. for an Order Directing a Provider of Elec. Commc'n Serv. to Disclose Records to the Govt., 620 F.3d 304 (3rd Cir. 2010) ...............14

In Re Application of United Sates for an Order Authorizing Disclosure of Location Information, 849 F.Supp. 2d 526 (D. Md. 2011) ....................15

In Re Application, 747 F.Supp. 2d 827 (S.D. Tex. 2010), reversed, 724 F.3d 600 (5th Cir. 2013) .................... 13, 15

Katz v United States, 389 U.S. 347 (1967)....................13

Rosemond v United States, 134 S.Ct. 1240 (2014) .................... v, 24, 26

United States v Bolds, 511 F.3d 568 (6th Cir. 2007)....................24

United States v Brown, 147 F.3d 477 (6th Cir. 1998) ....................20

United States v Brown, 639 F.3d 735 (6th Cir. 2011) ....................12

United States v Burnett, No. 09-cr-1030 (N.D. Ill. 2013) ............................... 27, 28

United States v Davis, 754 F.3d 1205 (2014), vacated pending rehearing en banc, 573 F. Appx. 925 (11th Cir. 2014) ........................................................14

United States v Jones 132 S.Ct. 945 (2012) ................................................. 14, 18

United States v Karo, 468 U.S. 705 (1984) .................................................. 16, 17

United States v Maynard, 615 F.3d 544 (D.C. Cir. 2010) .....................................14

United States v Powell, 943 F.Supp. 2d 759 (E.D. Mich. 2013) ............................14

United States v Skinner, 690 F.3d 772 (6th Cir. 2012) .................................... 15-19

United States v Vonner, 516 F.3d 382 (6th Cir. 2008) ..........................................22

United States v White, No. 13-20423 (November 24, 2014 E.D. Mich.) ..............14

**Constitution**

Fourth Amendment ......................................................................... passim

**Statutes**

Stored Communications Act, 18 U.S.C. § 2703, et seq. ................................ passim

18 U.S.C. § 2703 ........................................................................... passim

18 U.S.C. § 2703(d) ........................................................................ passim

18 U.S.C. § 924(c) .......................................................................... passim

18 U.S.C. § 1951 .................................................................................6

## STATEMENT IN SUPPORT OF ORAL ARGUMENT

Defendant-Appellant Timothy Sanders respectfully requests oral argument in this matter, pursuant to Rule 6(d) of the United States Court Appeals for the Sixth Circuit, for the reason that the questions on which the decision of the case depends are so substantial as to need further elucidation by counsel in response to questions from the Court.  The cell phone issue raised herein is new and creating a split in district court and circuit opinions across the country.  The gun sentencing enhancement issue raised herein is also new and points out a lack of integration of the sentencing guidelines with the decision of the Supreme court in Rosemond v United States, 134 S.Ct. 1240 (2014).

## STATEMENT OF APPELLATE JURISDICTION

Defendant-Appellant Timothy Sanders appeals to this Court as a matter of right from his conviction and sentencing which occurred on or about June 23, 2014.

## STATEMENT OF ISSUES PRESENTED FOR REVIEW

I. WHETHER THE STORED COMMUNICATIONS ACT REASONABLE GROUNDS STANDARD FOR SEARCH AND SEIZURE OF CELL PHONE RECORDS IS IN VIOLATION OF THE FOURTH AMENDMENT TO THE UNITED STATES CONSTITTUION?

II. WHETHER “REASONABLE GROUNDS” WERE PRESENTED TO THE LOWER COURT TO OBTAIN THE ORDER FOR PRODUCTION OF CELL PHONE RECORDS UNDER THE STORED COMMUNICATIONS ACT?

III. WHETHER APPELLANT’S SENTENCE IS THE RESULT OF PROCEDURAL AND/OR SUBSTANTIVE ERROR BECAUSE, AMONG OTHER ISSUES, THE GUIDELINES WERE SCORED INCORRECTLY?

## SUMMARY OF ARGUMENT

Appellant was convicted of two counts of robbery affecting interstate commerce, one robbery occurring in Ohio and the other in Detroit, Michigan, in violation of 18 U.S.C. § 1951. Appellant was acquitted of two counts of aiding and abetting a Section 924(c) gun brandishing charge in violation of 18 U.S.C. § 924(c). Appellant's motion to suppress cell phone data for cell phone number (313) 579-8507 was denied in error. The government contended at trial that Appellant was the user of the aforementioned number. On May 2, 2011, and again on June 7, 2011, the government applied for and obtained court orders under 18 U.S.C. § 2703 for toll records, call detail records, and cell/site section information for several telephone numbers, including (313) 579-8507 (claimed by the government to be used by Appellant) and (313) 412-6845 (claimed by the government to be used by Timothy Carpenter, co-defendant and also Appellant herein under case number 14-1572). Those Orders state that the government had "demonstrated to the court that there are reasonable grounds to believe that the information sought is relevant and material to a legitimate law enforcement investigation into possible violations of Title 18, United States Code, § 1951." (R. 224-1, Page ID# 1204) (Order as to (313) 579-8507).

Appellant contends that the reasonable grounds standard set forth in the Stored Communications Act 18 U.S.C. § 2703, et seq. (the "Act") is

unconstitutional under the Fourth Amendment to the United States Constitution and that a probable cause standard should have been used in this non-terrorist case involving a run of the mill robbery.  Appellant also contends that the government did not present reasonable grounds to obtain the Order for (313) 579-8507, the number used by Appellant.  Thus, the motion to suppress should have been granted.  The failure to grant the motion prejudiced Appellant because the cell phone data showed that Appellant's phone was in Ohio in the geographic location of the robbery, contrary to other evidence that Appellant did not participate in the robbery.

Appellant's sentence was 170 months consecutive to his undischarged state sentence of 30-50 years.  The lower court miscalculated the guidelines by incorrectly applying a gun enhancement to Appellant under USSG § 2B3.1(b)(2)(C), and a restraint enhancement under USSG § 2B3.1(b)(4)(B).  The error in this enhancement is highlighted by the jury's not guilty verdict for Appellant on the gun charge.  The lower court also improperly summarized Appellant during sentencing as a no good person with no value.  Appellant's 170 month consecutive sentence is procedurally and substantively unreasonable because the district court failed to give proper weight to mitigating circumstances and relevant Section 3553(c) sentencing factors, improperly scored the guidelines

and is greater than necessary to accomplish the sentencing goals identified by Section 3553(c).

## STATEMENT OF CASE AND MATERIAL FACTS

Appellant was indicted in four counts of a multi count indictment charging Appellant with two counts of robbery and two counts of a Section 924(c) gun brandishing charge for each robbery in violation of 18 U.S.C. §§ 1951 and 924(c). Two of the counts related to an armed robbery of a Detroit, Michigan (Counts 5 and 6) cell phone store and the other two counts related to a cell phone store robbery in Warren, Ohio (Counts 7 and 8). Appellant was convicted of the robberies alleged in Counts 5 and 7, but was acquitted of the gun counts alleged in Counts 6 and 8. Appellant went to trial with his brother, co-defendant Timothy Carpenter, who was also charged in the two Ohio robbery counts and several other robberies in Detroit (but not the count 5 and 6 offenses). (R. 119, Fourth Superceding Indictment; R. 315, Judgment of Conviction for Appellant).

Appellant moved to suppress all cell phone data as to cell phone number (313) 579-8507. (R. 196, 224, Motion to Suppress Cell Pone Data, Joinder in Defendant Carpenter's Reply in Support of Defendant Sanders' Motion to Suppress). The motion argued that the "reasonable grounds" standard set forth in the Stored Communications Act, 18 U.S.C. § 2703, et seq. ("the Act") is unconstitutional. Id. Appellant argued that the reasonable grounds standard in the Act is unconstitutional because cell phone users have a reasonable expectation of privacy in prolonged cell phone data and therefore a probable cause determination

is required. Further the motion argued that reasonable rounds were not set forth to obtain the order for production of cell phone data. Id. The lower court denied the Motion. (R. 227, Opinion and Order). The Application for the Order does request "transactional records" pertaining to Appellant's phone and other phones. (R. 224-2, Application for Order). Transactional records are requested for the period December 1, 2010 to the present (6-7-11). Id. at Page ID# 1200. Transactional records are described as numbers dialed, cell site information at call origination and termination for incoming and outgoing calls, billing records, caller ID records, call detail records, toll records. Id. The transactional records are described broadly to include all subscriber information from December 1, 2010, to the date of the Application, June 7, 2011. Id.

Information styled as "factual" is set out at the bottom of Page ID# 1200 to the middle of Page ID# 1201 of the Application. (R. 224-2, Application, Page ID# 1200-1201). This information fails to provide any link between the identified numbers and the described ongoing investigation.

The Application at Page ID# 1201 describes an investigation beginning on April 6, 2011, concerning armed robbers of Radio Shack and T-Mobile stores in Detroit, Michigan. It describes an interview on April 26, 2011, of a cooperating defendant. It further sets forth a brief description of the nature of the allegations being investigated. (R. 224-2, Application). The Application was granted and an

Order issued requiring the pertinent cell phone companies to release all requested information regarding the cell phone number used by Appellant, (313) 579-8507 for the period December 1, 2010 to present, June 7, 2011. (R. 224-2, Order, Page ID# 1204-1207). The information was received by the government and about 350 pages of cell phone data was turned over to the defense with dates ranging from January 17, 2011, to June 12, 2011, for Appellant's number. The government determined that Appellant used the above number by examining star witness Michael Green's phone and information from Green. (R. 329, TR, Kraudelt, Page ID# 2712-14).

    At trial Michael Green, the star government witness, testified that he started planning cell phone robberies and then later brought in others and then Appellant to help. (R. 330, TR, Page ID# 2816-2820). Green planned and committed his first cell phone robbery with the co-defendant Carpenter. Id. at Page ID# 2828. Green committed one other cell phone robbery with co-defendant Carpenter. Id. at Page ID# 2835-2843. Green recounts that the next robbery and Appellant's first robbery was in Detroit on January 7, 2011, and included Appellant as a lookout and use of Appellant's van. Id. at Page ID# 2848. Appellant was not present when the gun was delivered by Vella for this Detroit robbery. Id. at Page ID# 2850-54. Appellant rode in a separate car from the gun. Id. at Page ID# 2852. Appellant did

not see a gun until after the robbery. Id. at Page ID#2923. Green never told Appellant a gun would be used. Id.

The government introduced evidence that on March 7, 2011, the date of the Ohio robbery, Appellant's cell phone (313) 579-8507, was located in a geographic area consistent with the Ohio robbery charged in Count 7. (R. 332, Page ID# 2994-3014, TR, Special Agent Chris Hess; Id. at Page ID# 3010; Govt. Exhibit 57, included in Appellant's Appendix at Page 23). The testimony of Agent Hess is presented in summary fashion in government exhibit 57. Id. at Page ID# 3010. The data to make this conclusion was obtained from the cellular carrier pursuant to the aforementioned Order to produce said records obtained under the Act. Id. The data obtained consists of data about numbers called, calling number, time, purported cell tower location, GPS data, duration of call. Id. at Page ID# 3031-3034, 3036. Agent Hess only examined specific days of robbery incidents as requested by his supervisors. (R. 332, TR Hess, Page ID# 3053-54, 3074). The call detail records at issue do not help determine precisely where the phone is located at a certain time, i.e., in a house or on a public highway, but only gives you an area where the phone is located. (R. 332, TR, Hess, Page ID# 3043-3045, 3052.

Michael Green, the government star witness, testified at trial that Appellant used his van to transport a crew of robbers from Detroit to Warren, Ohio to rob the cell phone store. According to Green, Appellant agreed in Detroit that his van

could be used in Ohio, thus establishing venue in Michigan for the Ohio robbery. (R. 330, TR, Page ID# 2859-2860).  Green testified that there were no guns in the vehicle when it traveled to Ohio.  Id. at Page ID# 2860.  There was testimony that people traveling in the van did not want guns present for this Ohio trip.  Id. at Page ID# 2860.  Although co-defendant Carpenter discussed obtaining a gun in Ohio, Appellant was not present for the discussion.  Id. at Page ID#2861.  Green testified that he and co-defendant Carpenter discussed obtaining a gun in Ohio, but Appellant was not present.  Id. as Page ID# 2861.  Carpenter was in charge of this robbery.  Id. at Page ID# 2862.  Green testified that he never saw a gun in Ohio until after the robbery.  Id. at Page ID# 2866, 2926, 2927, 2933.  Appellant was not involved in planning Ohio robbery.  Id. at Page ID# 2920, 2925.  There was also video recording evidence showing Appellant and his co-defendant, Carpenter, at a pizza shop in close proximity to the cell phone store around the time of the robbery.  (R. 330, TR, Green Page ID# 2876-77).  There was no testimony that Appellant actually entered the cell phone store for the robbery.  Rather, witness Green testified that Appellant was a look out.  Id.  There was no evidence presented that Appellant knew that a gun was going to be used in the Ohio robbery. Id. at Page ID# 2866, 2926, 2927, 2933.

Appellant was acquitted of the two Section 924(c) charges in counts 6 and 8, but was convicted of the robbery charges in Counts 5 and 7.  The cell phone data

issue raised herein relates only to the Ohio robbery, Count 7, as cell phone data testimony was not used for the Detroit robbery in Count 5.

At sentencing, the lower court concluded that Appellant is a no good person with no redeeming values who should never be in society again, deserving of a severe and harsh sentence.  (R. 342, Sent. TR, Page ID# 3490, 3493-3495).  The guidelines were scored by the court at 151-188 months, level 30, category V.  The court sentenced Appellant to 171 months on each robbery count concurrent, but consecutive to Appellant's un-discharged state sentence of 30-50 years.  (Id. at Page ID# 3495; R. 315, Judgment).

This appeal followed.  (R. 308, Notice of Appeal).

## I. The Reasonable Grounds Standard Set Forth In The Stored Communications Act Violates The Fourth Amendment To The United States Constitution.

**Standard of Review: The Sixth Circuit reviews constitutional challenges to federal statutes *de novo*. United States v Brown, 639 F.3d 735, 737 (6th Cir. 2011). A finding of fact is reviewed for clear error. Id.**

Historical cell phone data is available under the Stored Communications Act ("Act"), 18 U.S.C. § 2703 et seq., only, with exceptions not present here, when law enforcement obtains a court order under §§ 2703 (c)(1)(B) and 2703(d) of the Act or a warrant as specified in § 2703(c)(1)(a) of the Act. The 2703(d) standard of proof required for a court order under § 2703(c)(1)(B) is:

> (d) Requirements for court order. A court order for disclosure…shall issue only if the governmental entity offers specific and articulable facts showing that there are reasonable grounds to believe that…the records or other information sought, are relevant and material to an ongoing criminal investigation.

18 U.S.C. § 2703(d). In this case, the Order, R. 224-2, Page ID# 1204, did not use a probable cause standard, and relied solely on the reasonable grounds standard set forth in the Act. As a result of the Order, the government obtained historical cell phone data for a 6-7 month period which was analyzed to present evidence about cell phone usage of Appellant's phone (313) 579-8507) on the date of the Ohio robbery, March 7, 2011. The conclusion of government expert Chris Hess was that Appellant's phone was used in a geographic area consistent with the robbery scene

on March 7, 2011. Appellant's motion to suppress was denied in error and the evidence should not have been admitted.

Appellant contends that the reasonable grounds standard set forth in the Act and Order is unconstitutional. The Fourth Amendment protects the right of the people from unreasonable searches and seizures. Fourth Amendment protections extend to people in areas of life where they have a reasonable expectation of privacy. Katz v United States, 389 U.S. 347, 361 (1967). The Fourth Amendment makes warrantless searches performed without a probable cause determination per se unreasonable, with exceptions not relevant here. Arizona v Gant, 556 U.S. 332 (2009).

There is a split of authority on this issue. The Sixth Circuit and the Supreme Court have not ruled directly on this issue. In In Re Application of U.S., the district court held that historical cell phone data is protected by the Fourth Amendment. 736 F.Supp. 2d 578 (E.D. N.Y. 2010). In another district court case in Texas, the court held that warrantless seizure of two months' worth of cell phone data was unreasonable because the phone user has a reasonable expectation of privacy in prolonged surveillance information. In Re Application, 747 F.Supp. 2d 827, 836-37 (S.D. Tex. 2010) reversed, 724 F.3d 600 (5th Cir. 2013). Appellant asserted a privacy interest in the phone at issue in this case with respect to the prolonged surveillance. (R. 196, Motion to suppress, Page ID# 958, n.2). The

Texas district court relied heavily upon D.C. Circuit opinion in United States v Maynard, 615 F.3d 544, 558 (D.C. Cir. 2010). In Maynard, the court held that 24 hour surveillance over a month long period with a warrantless GPS installed on a car violates the Fourth Amendment. Accord, United States v Jones 132 S.Ct. 945 (2012).

In addition, see In Re Application of U.S. for an Order Directing a Provider of Elec. Commc'n Serv. to Disclose Records to the Govt., 620 F.3d 304, 315-17 (3rd Cir. 2010) (holding that cell phone user does not "voluntarily" share his location information with a cellular provider in any meaningful way and noting that inadequate factual record had been presented to district court for government to obtain reasonable grounds order under Act); United States v Davis, 754 F.3d 1205, 1217 (11th Cir. 2014), vacated pending rehearing en banc, 573 F. Appx. 925 (11th Cir. 2014) (holding that cell site location information is within a reasonable expectation of privacy, but upholding seizure on Leon good faith grounds not applicable here); United States v Powell, 943 F.Supp. 2d 759, 770 (E.D. Mich. 2013) (Judge Murphy) (request for long term data constitutes a search which must be justified by probable cause); United States v White, No. 13-20423 (November 24, 2014 E.D. Mich.) (Judge Lawson) (holding the Fourth Amendment applies to cell phone data sought under the Act for lengthy periods of time), and cases cited therein. Several other district courts have also held that cell-site information may

not be obtained by the government absent probable cause. See e.g. In Re Application of the United States for an Order Authorizing the disclosure of Prospective Cell-Site Information, 2006WL 7871743, at *5 (E.D. Wis. 2006); In Re Application of the United States for an Order Authorizing the Monitoring of Geolocation and Cell-Site data, 2006 WL 6217584 at *4 (D.D.C. 2006); In Re Application of United Sates for an Order Authorizing Disclosure of Location Information, 849 F.Supp. 2d 526, 539-42 (D. Md. 2011);

In In Re Application, supra, the Fifth Circuit reversed the Texas district court discussed above. 724 F.3d 600 (5th Cir. 2013). Appellant asserts that this Court should nevertheless adopt the holding of the district court and the holdings of Judge Lawson and Judge Murphy on the issue in the Eastern District of Michigan, discussed infra. Appellant also submits that the court should limit the holding of Skinner, discussed infra, to pay as you go cell phones on public highways with limited three day cell data requested. The basis for the lower court's holding in this case is that Skinner affirms that there is no legitimate expectation of privacy in location data regarding movement along a public highway. R. 227, Opinion and Order.

In United States v Skinner, 690 F.3d 772 (6th Cir. 2012), the Sixth Circuit did rule upon this issue with respect to a "pay as you go cell phone" where only 3 days of cell data was sought. Id. at 777. However a pay as you go cell phone

denotes transience and temporary usage and 3 days is not a prolonged period of time as the 6-7 months here. That type of pay as you go phone is much different from a regular cell phone billed through a major carrier such as the case here with T-Mobile cellular company. See Government Exhibit 57, in Appendix at Page 23. Moreover, Skinner involved usage on a public highway and there was no evidence introduced that Appellant was on a public highway, as opposed to a house, when the usage occurred.

Appellant contends that the holding of the Texas district court applies to this case. First, there is no evidence in this case that the cell phone usage of Appellant on March 7, 2011, was on a public highway, as opposed to usage in a house or building. Therefore, the holding of Skinner, supra, should not apply to this case. The Skinner court specifically noted that "Skinner was traveling on a public road before he stopped at a public rest stop. While the cell site information aided the police in determining Skinner's location, that same information could have been obtained through visual surveillance" Skinner, supra, 600 F.3d at 781. In this regard, the holding of United States v Karo, 468 U.S. 705 (1984), supports Appellant. In Karo the Supreme Court considered the use of a beeper to track an object moving from a public highway to the inside of a residence. The Court noted that although a DEA agent may physically track suspect on a public road, and by analogy use a beeper to do the same:

> had a DEA agent thought it useful to verify that he either was actually in the house and had he done so surreptitiously and without a warrant there is little doubt that he would have engaged in an unreasonable search within the meaning of the Fourth Amendment. For purposes of the Amendment, the result is the same where, without a warrant, the government surreptitiously employs an electronic device to obtain information that it could not have obtained by observation from outside the house. Id. at 715.

The Skinner court specifically holds that Karo is still good law. 690 F.3d at 779-80. Thus, Skinner should not control this case.

Nor is there any basis for concluding that location information is voluntarily conveyed from cell phone company, as was done by the Fifth Circuit in In Re Application, supra. As the Third Circuit recently explained in In Re Application of the United States, 620 F.3d 304 (3rd Cir. 2010):

> A cell phone customer has not "voluntarily" stored his location information with a cellular provider in any meaningful way. As the EFF notes, it is unlikely that cell phone customers are aware that their cell phone providers *collect* and store historical location information. Therefore, "when a cell phone user makes a call, the only information that is voluntarily and knowingly conveyed to the phone company is the number dialed and there is no indication to the user that call will also locate the caller; when a cell phone user receives a call, he hasn't voluntarily exposed anything at all.

620 F.3d at 317-318 (emphasis in original).

As the Texas district court explained in In Re Application, supra:

> Unlike the bank records in Miller or the phone numbers dialed in Smith, cell site data is neither tangible nor visible to a cell phone user. When a user turns on the phone and makes a call, she is not required to enter her own zip code, area code, or other location identifier. None of the digits pressed reveal her own location. Cell site data is generated automatically by the network, conveyed to the provider not by human hands, but by invisible radio signal. Thus, unlike in Miller or Smith, where the information at issue was unquestionably conveyed by the defendant to a third party, a cell phone user may well have no reason to suspect that her location was exposed to anyone. The assumption of risk theory espoused by Miller and Smith necessarily entails a knowing or voluntary act of disclosure; the Government has cited no case (and the court has found none) where unknowing, inadvertent disclosure of information by a defendant thereby precluded Fourth Amendment protection of that information.

747 F.Supp. 2d at 844. In the present case, the lower court did not grant Appellant's request for an evidentiary hearing, thus Appellant was unable to present expert evidence regarding the voluntary disclosure issue. (R. 196, Appellant's Motion, Page ID# 959, n.4; R. 227, Opinion and Order).

The data requested in this case was not limited to specific days, but the request was for a prolonged period of time, 6-7 months, as condemned in Jones, supra. In Skinner, the data period requested was for 3 days, whereas in this case, the government obtained data for 6-7 months. There was no need to obtain data for 6-7 months when the government agents were asked to investigate specific

dates of incidents. (R. 332, TR Hess, Page ID# 3053-54, 3074). Thus, this was a fishing expedition and probable cause should be required to prevent these fishing expeditions.

The lower court made no factual findings regarding the physical location of the phone (house or highway) and also did not comment on the prolonged period of time for which data was requested as opposed to the 3 day period in Skinner. The record below contains no information to detect where the pertinent calls on March 7, 2011, were made (house or highway). The lower court also did not distinguish between the pay as you go phone in Skinner and the T-Mobile phone that Appellant used. Under these circumstances, the Court should reverse the lower court holding which denied the motion to suppress.

The government in this case did not attempt to limit its cell phone data request to the dates that robberies occurred. Nor did the government have any evidence as to whether Appellant was in a house or in a public place at the time Appellant's cell phone was used. Under these circumstances the government should have requested a probable cause warrant. See In Re Application of U.S. for an Order Authorizing Installation and Use of a Pen Register, 402 F.Supp. 2d 597, 605 (D. Md. 2005) ("To the extent that government seeks to act without a warrant, the government acts at its peril, as it may not monitor an electronic tracking devise in a private place without a warrant").

In this case where the government sought lengthy historical cell phone data about usage which could have occurred in a private house or on the highway. A probable cause standard should have been utilized where the time period involved was a lengthy 6-7 months and the government presented no facts as to whether calls were being made in public places or private homes. Indeed, the government presented evidence that Appellant was in a private house during a portion of the time he was in Ohio on March 7, 2011, (R. 330, TR, Green, Page ID# 2866).

## II. THE GOVERNMENT DID NOT ESTABLISH PROBABLE CAUSE TO OBTAIN THE CELL PHONE DATA AND REASONABLE GROUNDS DID NOT EXIST TO OBTAIN CELL PHONE RECORDS.

**Standard of Review: On review of a district court's denial of a motion to suppress, the findings of fact are reviewed for clear error and conclusions of law are reviewed *de novo*, United States v Brown, 147 F.3d 477 (6th Cir. 1998).**

The lower court also held, contrary to Appellant's challenge, that reasonable grounds were presented to obtain the order under the Act. (R. 223, Opinion and Order; R. 196, Appellant's Motion to Suppress; R. 223, Appellant Carpenter's Reply in Support of Appellant's Motion to Suppress, R. 224, Appellant's Joinder in Appellant Carpenter's Reply). The Application for the cell phone data order sets out factual information at Page ID# 1200-1201, R. 224-1. That information fails to provide any link between the identified numbers and the ongoing investigation.

The application at page 3 describes an investigation beginning on April 6, 2011, concerning armed robbers of Radio Shack and T-Mobile stores in Detroit, Michigan. It describes an interview on April 26, 2011, of a cooperating defendant. It further sets forth a brief description of the nature of the allegations being investigated.

The application is substantially deficient. It fails to meet even the relaxed burden of the Stored Communications Act. ("Specific and articulable facts showing that there are reasonable grounds to believe that the...records or other information sought, are relevant and material to an ongoing criminal investigation." 18 U.S.C. § 2703(d)).

The factual information presented provides no connection between the described investigation and the target phone numbers. The described facts provide no connection between the allegations of the investigation and individuals named in the application, Timothy Sanders and Timothy Carpenter.

Conclusions set forth in the application that "[i]t is anticipated that the requested records will assist in identifying and locating the other individuals believed to be involved in the armed robberies," are neither reasonable nor articulable facts. They are just the application's conclusions. There is simply no connection by reasonable and articulable grounds, or otherwise, for any connection of the investigation to the described phones numbers, and thus, there are no

grounds to believe the information sought was "relevant and material to an ongoing investigation." 18 U.S.C. § 2703(d).

The lower court in this matter did not make factual findings, but rather repeated the allegations in the Application in its Order and Opinion. R. 227. The specific and articulable facts referred to by the Court at Page ID# 1218 of its Order do not provide any connection between the described investigation and the target telephone number for Appellant.

Under these circumstances, the cell phone data should have been suppressed inasmuch as neither probable cause nor reasonable grounds were set forth in the Application. This Court should reverse the district court decision.

## III. THE SENTENCE IMPOSED ON APPELLANT IS PROCEDURALLY AND SUBSTANTIVELY UNREASONABLE.

**Standard of Review: Review of procedurally unreasonable challenges to the calculation of guidelines and consideration of § 3553(a) factors is for abuse of discretion. Gall v United States, 128 S.Ct. 586 (2007). Review of substantively unreasonable challenges is also for abuse of discretion. Id. A sentence within the guideline range is presumptively reasonable. United States v Vonner, 516 F.3d 382, 389 (6th Cir. 2008) (en banc).**

Appellant's sentence is procedurally and substantively unreasonable and is "greater than necessary" to accomplish the sentencing goals identified by Congress in 18 U.S.C. § 3553(a). Under Gall v United States, 128 S.Ct. 586 (2007), this Court must ensure that the district court committed no significant procedural error,

such as improperly calculating the Guideline range or failing to consider § 3553(a) factors.

Appellant's sentence is procedurally unreasonable because the lower court, in error, enhanced Appellant's sentence 5 points under USSG § 2B3.1(b)(2)(C), for brandishing a firearm for each robbery count 5 and 7 for which Appellant was convicted. R. 342, Sentencing TR, Page ID# 3477-3480. Appellant's sentence is also procedurally unreasonable because the lower court, in error, enhanced Appellant's sentence 2 points under USSG § 2B3.1(b)(4)(B) for count 5 for physically restraining a victim. Id. Page ID# 3481-3483. There was no evidence presented during trial that Appellant knew about use of a gun or that it was reasonably foreseeable to Appellant that a gun would be used in the first robbery. Although Appellant saw a gun after his first Detroit robbery, he was given the impression that guns were not being transported to Ohio and he was not privy to the discussion between Green and Carpenter that a gun would be obtained in Ohio.

The jury found Appellant not guilty on both Section 924(c) aiding and abetting gun counts 6 and 8.

Appellant initially objected to the enhancements on the ground that Appellant did not possess a gun. See Appellant's objections to PSI. Appellant later filed a sentencing memorandum in which the objection was enlarged to state that the use of a gun in the robberies was not reasonably foreseeable to Appellant,

the test used by the lower court to rule on the objections. (R. 294, Sentencing Memorandum; R. 342, Sentencing TR, Page ID# 3477-3983). During the time period between the verdict and sentencing, the Supreme Court ruled that actual knowledge is necessary for an aiding and abetting conviction under Section 924(c). Rosemond v United States, 134 S.Ct. 1240 (2014). Under either test, reasonably foreseeable or actual knowledge, there is no evidence to support the enhancement.

**A. Procedural Reasonableness**.

A district court necessarily abuses its sentencing discretion if it commits significant error such as failing to calculate the guidelines properly. United States v Bolds, 511 F.3d 568 (6th Cir. 2007). The lower court calculated Appellant's guideline range at 151-188 months, level 30, category 5. R. 342, Sentencing TR, Page ID# 3490. Without the 5 point gun enhancement, Appellant's guideline range is 100-125 months, level 25, category V. Without an additional 2 points for the physical restraint enhancement, Appellant's guideline range is 84-105 months, level 23, category V. Thus, a significant error occurred here.

The testimony at trial does not support the lower court's enhancement. The PSI indicates that Appellant had never been involved with a robbery prior to these robberies. The first robbery occurred in Detroit and the trial testimony indicates that Appellant was a lookout parked in front of the store who did not

enter the store; the actual robbers entered the store with no gun visible and exited via the rear entrance. (R. 330, TR, Green, Page ID# 2852; 53, 2922-23). There was no testimony that Appellant had participated in prior robberies, knew a gun would be used or saw a gun prior to the robbery or planned the robbery. Id. The Guidelines state that "possession or use of a weapon...sometimes occur during a robbery," recognizing that weapons are not always used during a robbery. USSG 2B3.1, Commentary, Background (emphasis added). One participant in both robberies, Jason Young who actually possessed the gun during both robberies at issue, testified that Appellant did not know he had a gun. (R. 332, Page ID# 3127-3130). He also testified, in conformity with the Guidelines, that a gun is not a necessity for a robbery. Id. at Page ID# 3139. Young admitted he was an experienced robber. Id. at Page ID# 3132-33. Young also testified he did not know the Detroit robbery was going to take place or a gun was going to be used until he got in a van just prior to the robbery and Appellant was not in the van. (R. 332, TR, Page ID# 3127; R. 330, TR, Page ID# 2850-54). Mr. Young never saw Appellant on the day of the January 7th Detroit robbery. (R. 332, TR, Page ID# 3128). Mr. Young did not receive the gun for the Ohio robbery until he was in a car on the way to rob the store. Id. at 3129. Mr. Young never saw Appellant on the day of the Ohio robbery. Id. at Page ID# 3130.

Timothy Jones, another co-defendant and brother of Appellant who pled guilty in a cooperation deal, at first lied and testified that Appellant saw a gun prior to the January 7th Detroit robbery (R. 329, Page ID# 2736-39, 2785). He later admitted on cross examination that neither he nor Appellant saw a gun prior to the Detroit robbery and that he was lying in order to convict Appellant. Id. at 2781-2587, 2789.

Another government witness, Adriane Foster, testified that Appellant did not even participate in the Ohio robbery except to loan his van. (R. 328, TR, Page ID# 2610). Mr. Foster also confirmed that Appellant was also in a house, not just the public highway, on the date of the Ohio robbery, with no gun present. Id. at Page ID# 2612-14. After the robbery, the gun was hidden in a garage and Mr. Foster did not see Appellant. Id. at Page ID# 2619-21.

The lower court concluded, on the above record, that Appellant was accountable for reasonably foreseeable acts and omissions of others, but without any explanation of how the conduct was reasonably foreseeable to Appellant. R. 342, Sentencing TR, Page ID# 3479. The government argued basically that a gun is always a necessity in a robbery (R. 342, Sent. TR, Page ID# 3477-78), contrary to the Guideline Commentary referenced supra. Moreover, the Guideline Section 2B3.1(b)(2)(C) is out of sync with the Supreme Court decision in

Rosemond, supra, which requires actual knowledge about use of a gun for an aiding and abetting conviction.

With respect to the restraint enhancement of 2 points, there was no evidence introduced at trial that restraint of victims is reasonably foreseeable. As with the gun, the Guidelines state that "unlawful restraint sometimes occurs during a robbery." USSG § 2B3.2, Commentary, Background (emphasis added). Again there was no evidence to support the theory that Appellant should have reasonably foreseen restraint. There was no restraint during the first Detroit robbery. The restraint occurred during the second robbery in Ohio where Appellant was a lookout. The lower court again rejected Appellant's argument for the same reason as the gun enhancement was rejected, that is, reasonably foreseeable conduct without any explanation as to why the conduct was reasonably foreseeable except that restraint must occur during a robbery so it is reasonably foreseeable. (R. 342, Sent. TR, Page ID# 3480-3482.

Defendant submits that use of a gun and restraint is not automatically foreseeable in connection with a robbery and that the jury's not guilty verdicts on Counts 6 and 8 should be given some credence. See United States v Burnett, No. 09-cr-1030 (N.D. Ill. 2013) (acquitted conduct should not be rendered meaningless and government and probation request to count acquitted conduct is rejected) ("The defendant may thus win acquittal on all but a single count of a

multi count indictment, and yet be sentenced as if he had been convicted on all counts. That acquittal, so rare and likely hard may, is rendered virtually meaningless") (unpublished opinion is located at R. 294-2, Page ID# 1532). Appellant's acquittal on Counts 6 and 8 should also not be rendered meaningless by an enhancement conclusion without support in the facts or the Commentary to the Guidelines.

**B. Substantively Unreasonable.**

Appellant's sentence is substantively unreasonable and "greater than necessary" to achieve the goals of sentencing because the lower court either failed to consider relevant § 3553(c) factors or unreasonably weighed a pertinent factor. United States v Adkins, 729 F.3d 559, 563 (6th Cir. 2013). A sentence falling within a correctly calculated guideline range is subject to a rebuttable presumption. Id. at 564.

The lower court portrayed Appellant as a person who does not belong on the streets in society. (R. 342, Sentencing TR). The court focused on the fact that Appellant does have an extensive criminal history and also has 6 children by 6 different women. Id. However, the court placed too much emphasis on these factors. The lower court failed to give consideration to the fact that the prior convictions occurred when Appellant was a teenager or young adult. Also, having

6 children by six different women may be morally reprehensible to some, but should not be the basis for a prison sentence.

Mr. Sanders was raised by a working divorced mother from a broken household without a father in the picture. See PSI. He incurred a lot of convictions as a teenager and young adult for non-violent crimes such as school truancy, destruction of personal property (throwing rocks at a school bus), driving offenses, receiving stolen property and felony firearm. See PSI at pages 9-14. According to Appellant this case represents Appellant's first violent crime conviction. However, Appellant was convicted of second degree murder in a case in state court and sentenced to 30-50 years, where Appellant contends his co-defendant, Timothy Carpenter was the shooter. Id. See PSI at p. 15 and Objection No. 5 to PSI. The case is now pending on appeal in state court. Michigan Court of Appeals, Case No. 314765.

Appellant submits that the lower court disregarded Appellant's youthfulness and lack of judgment regarding the teenage convictions and unfairly labeled Appellant as a person of no worth.

Recent research in criminology provides empirical evidence relevant to sentencing in this case. See e.g., Gary Sweeten, et al., Age and the Explanation of Crime Revisited, 42 J. Youth and Adolescence 921 (2013). ("It is well established that antisocial and criminal activity increases during adolescence, peaks around age

17 (with the peak somewhat earlier for property than violent crime), and declines as individuals enter adulthood"). The Sentencing commission also has declared that recidivism rates decline with age. See USSC, Measuring Recidivism: The Criminal History Computation of the Federal Sentencing Guidelines, Ex. 9 (2004), http://www.ussc.gov/sites/default/files/pdf/research-and-publications/research-publications/2004/200405_Recidivism_Criminal_History.pdf. Child abuse also had a detrimental impact on Appellant. See PSI at ¶ 75. According to the Institute of Medicine:

> "Child abuse and neglect appear to influence the course of development by altering many elements of biological, cognitive, psychosocial, and behavioral development; in other words, child abuse and neglect "get under the skin" to have a profound and often lasting impact on development. Brain development is affected, as is the ability to regulate physiology, behavior, and emotion is impaired; and the trajectory toward more problematic outcomes is impacted."

Institute of Medicine & National Research Council, *New Directions in Child Abuse and Neglect Research* 154 (Anne Peterson et al. eds., 2013), *http://www.iom.edu/Reports/2013/New-Directions-in-Child-Abuse-and-Neglect-Research.aspx*.

The combination of youth and physical abuse contributed to Mr. Sanders' offense level of 12 points.

Appellant submits the sentence here was "greater than necessary" to achieve the goals of Section 3553(a) and that the lower court failed to consider pertinent § 3553(a) factors related to Appellant's history and characteristics such as youthfulness and child sexual abuse.  There was also sentencing disparity in this matter as Appellant was given enhancements for use of a gun and Patrick Heard, who was a lookout in the same situation as Appellant, was not given the enhancements awarded Appellant.  See PSI at p. 27, ¶ 118.  Sentencing disparity is a § 3553(a)(6) consideration.

The sentence should be vacated and remanded for resentencing due to procedural and/or substantive unreasonableness at sentencing.  The lower court clearly abused its discretion by enhancing Appellant's sentence for gun and restraint.

## CONCLUSION AND RELIEF REQUESTED

The lower court denied Appellant's motions to suppress cell phone evidence in error. The admission of the evidence prejudiced Appellant and contributed to his conviction on Counts 5 and 7 because the cell phone data established that Appellant was in Ohio on the date of the Ohio robbery contrary to the testimony of witnesses at trial who testified that appellant did not participate in the Ohio robbery.

The lower court clearly abused its discretion by enhancing Appellant's sentence for a gun and unlawful restraint because there was no evidence to support the enhancement. All the trial evidence stated that Appellant did not know about gun usage and that a gun is not necessary to commit a robbery. Neither the judgment or the sentence should be allowed to stand. This Court should reverse and remand for a new trial on Counts 5 and 7 or, in the alternative, vacate the sentence and remand for resentencing.

Respectfully submitted,

LAW OFFICES OF S. ALLEN EARLY

BY: /s/ S. ALLEN EARLY

S. ALLEN EARLY (P-13077)
Attorney for Defendant-Appellant
65 Cadillac Square, Suite 280
Detroit, Michigan 48226
(313) 962-2320

DATED: March 2, 2015

**CERTIFICATE OF COMPLIANCE**

This is to certify that this brief complies with the length limitations of Fed.R.App.P. 32(a)(7) in that this principal brief contains 6,971 words. This certification is based upon the word count program of the word processing system used in preparation of this brief and is filed pursuant to Fed.R.App.P. 32(a)(7)(c)(i).

LAW OFFICE OF S. ALLEN EARLY

/s/ S. Allen Early

S. ALLEN EARLY (P13077)
Attorney for Defendant-Appellant
65 Cadillac Square, Suite 2810
Detroit, Michigan 48226
(313) 962-2320

Dated: March 2, 2015

**CERTIFICATE OF SERVICE**

This is to certify that a true and correct copy of the foregoing Brief of Defendant-Appellant, was served via CM/ECF, this 2nd day of March, 2015, upon all counsel of record.

/s/ S. Allen Early
Counsel for Defendant-Appellant

Dated: March 2, 2015

## ADDENDUM DESIGNATING RELEVANT DISTRICT COURT DOCUMENTS

| Description of Entry | Date Filed in District Court | Record Entry Number | Page ID # Range |
|---|---|---|---|
| District Court Docket Sheet | | | |
| Fourth Superceding Indictment | 7-10-13 | 119 | 640-649 |
| Pre-Sentence Investigation Report with Defendant's Objections | N/A | N/A | N/A |
| Motion in Limine to Suppress Cell Phone Data with exhibits | 11-21-13 | 196 | 954-966 |
| Support of Motion in Limine to Suppress Cell Phone Data | 12-3-13 | 223 | 1190-1193 |
| Defendant Sanders' Joinder In Defendant Carpenter's Reply In Support of Defendant Sanders' Motion In Limine to Suppress Cell Phone Data with exhibits | 12-4-13 | 224 | 1194-1209 |
| Opinion and Order | 12-6-13 | 227 | 1213-1224 |
| Sentencing Memorandum | 4-1-14 | 295 | 1549-1552 |
| Judgment | 6-23-14 | 315 | 1718-1722 |
| Notice of Appeal | 6-23-14 | 308 | 1639-1640 |
| Trial Transcript – Vol. 1 | 9-11-14 | 325 | 2004-2155 |
| Trial Transcript – Vol. 2 | 9-11-14 | 326 | 2156-2317 |
| Trial Transcript – Vol. 3 | 9-11-14 | 327 | 2318-2460 |
| Trial Transcript – Vol. 4 | 9-11-14 | 328 | 2461-2633 |
| Trial Transcript – Vol. 5 | 9-11-14 | 329 | 2634-2798 |
| Trial Transcript – Vol. 6 | 9-11-14 | 330 | 2799-2961 |
| Trial Transcript – Vol. 7 | 9-12-14 | 332 | 2963-3158 |
| Trial Transcript – Vol. 8 | 9-17-14 | 333 | 3159-3283 |
| Sentencing Transcript | 9-22-14 | 342 | 3474-3503 |
| | | | |